UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA L.,<br><br>       Plaintiff,<br><br>      v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>       Defendant. | Case No. 24-cv-02046-RFL<br><br>**ORDER REGARDING MOTIONS TO AMEND JUDGMENT AND FOR ATTORNEYS' FEES**<br><br>Re: Dkt. Nos. 49-50 |

      Following a bench trial under Federal Rule of Civil Procedure 52, the Court entered judgment in favor of Plaintiff. (*See* Dkt. Nos. 42-43, 45, 57.) Plaintiff subsequently moved to amend judgment and for attorneys' fees. (*See* Dkt. Nos. 49-50.) For the reasons set forth below, the Court requires further information before ruling on the motion to amend judgment and **GRANTS** the motion for attorneys' fees.

      *Motion to Amend.* In ruling for Plaintiff following bench trial, the Court concluded that "retroactive reinstatement of benefits through the date of judgment is proper." (*See* Dkt. No. 45 at ECF Page 14.) But the Parties did not brief the issue of how much Plaintiff was entitled to in retroactive benefits, so the Court did not calculate that figure or include it in the judgment ultimately entered. Plaintiff now moves to amend the judgment to include an amount of retroactive benefits. After briefing on the motion to amend completed, Defendant submitted a supplemental filing in which it explained that it has now paid Plaintiff about $203,000 in retroactive benefits, plus interest. (*See* Dkt. No. 65.) It appears, therefore, that approximately $43,000 (not including interest) remains in dispute. But on this record, the Court cannot calculate how much (if any) additional retroactive benefits are owed. Further, based on the Parties' submissions, it is not clear to what extent the Parties have met and conferred on the issue with each other.

      Accordingly, the Court **ORDERS** as follows:

1

- By **October 17, 2025**, the Parties shall meet and confer (either in person or through video) to discuss the issue of any remaining retroactive benefits owed.
- If the Parties cannot resolve their dispute amongst themselves, then by **November 7, 2025**, they shall file a joint submission explaining their positions. The joint submission shall include a chart laying out each disputed figure with citations to the record as appropriate. The joint submission shall also identify the relevant provisions in the insurance plan for calculating retroactive benefits. Alternatively, if the Parties reach an agreement, then they shall submit a stipulated proposed amended judgment by November 7.
- The Court declines to remand the dispute for the same reasons set forth in its prior order. (*See* Dkt. No. 45 at ECF Page 13.)

*Motion for Attorneys' Fees.* Plaintiff requests payment of three sums in this motion: (1) approximately $346,000 in attorneys' fees; (2) approximately $7,500 in litigation expenses; and (3) prejudgment interest measured at 4.09%.

With respect to attorneys' fees, Defendant objects primarily on the basis that the rates charged and hours worked are excessive. But Plaintiff submitted evidence demonstrating that the rates charged are consistent with market rates charged by comparable counsel for similar work. (*See* Dkt. Nos. 49-1 ¶ 10, *id.* Exs. A-B, 49-3 ¶¶ 7-9, 16-17); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) ("[B]illing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." (citations and quotation marks omitted)). The billing entries submitted also do not indicate that counsel or their paralegal spent an excessive amount of time litigating this action. This case involved a voluminous record and a complex medical history, counsel's efforts resulted in a successful outcome for Plaintiff, and counsel represents that they did not submit billing entries for all the work performed to omit billing for inefficient and duplicative work. (*See* Dkt. No. 49-1 ¶ 17.) The Court's own review of the billing records further confirms that the hours billed are

reasonable for the tasks described.

With respect to litigation expenses, Defendant disputes the propriety of reimbursing expenses incurred for meals, commuting, and legal research. However, Plaintiff submits evidence indicating that it typically charges clients for these costs and that this is a common practice among similar firms, including in this district. (*See* Dkt. No. 54-1 ¶ 9); *see, e.g.*, *Beryl v. Navient Corp.*, No. 20-cv-05920-LB, 2023 WL 4570626, at *5-6 (N.D. Cal. July 13, 2023); *Boconvi v. Velocity Express, LLC*, No. 17-cv-02623-JST, 2018 WL 2248988, at *5 (N.D. Cal. May 17, 2018); *Oldoerp v. Wells Fargo & Co. Long Term Disability Plan*, No. 08-cv-05278-RS, 2014 WL 2621202, at *7-8 (N.D. Cal. June 12, 2014); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 963 F. Supp. 2d 950, 972-73 (N.D. Cal. 2013).

With respect to prejudgment interest, it appears that the Parties agree regarding the application of prejudgment interest. (*See* Dkt. No. 65 ¶ 2 (Defendant has paid over $10,000 in prejudgment interest so far at a rate of 4.09%).)

Accordingly, the Court **GRANTS** the motion for attorneys' fees as follows:

- Defendant shall pay Plaintiff $346,685 in attorneys' fees and $7,536.22 in litigation expenses.
- Defendant shall pay Plaintiff prejudgment interest on any future payments of retroactive benefits at 4.09%, which will be measured from the same day used to calculate the prejudgment interest already paid.
- The Parties may file supplemental attorneys' fees briefing as necessary to cover the meet and confer and additional submission discussed above regarding the motion to amend judgment.

**IT IS SO ORDERED.**

Dated: September 19, 2025

RITA F. LIN
United States District Judge